NITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
AT HUNTINGTON

| | |
|---|---|
| **NOEL JORDAN**, an individual; | ) CASE NO: 3:18-cv-00094 <br> ) <br> ) JUDGE: <br> ) <br> ) COMPLAINT FOR VIOLATION OF: <br> ) <br> ) ERISA SECTION 502(a)(1)(B) <br> ) <br> ) [29 USCS 1132(a)(1)(B)] <br> ) [29 USCS 1132(g)] |
| **Plaintiff**, | |
| vs. | |
| **AT&T INTEGRATED DISABILITY SERVICE CENTER DISABILITY PLAN,** an Employee Welfare Benefit Plan; **SEDGWICK CLAIMS MANAGEMENT SERVICES, INC.,** an Illinois Corporation; and DOES 1 through 5, inclusive, | |
| **Defendants.** | |

Plaintiff, Noel Jordan ("Plaintiff"), alleges:

## PRELIMINARY ALLEGATIONS

### The Parties

1. The Plaintiff is an individual residing in Huntington, Cabell County, West Virginia. He was an employee of AT&T Mobility. By virtue of his employment, he qualified for disability benefits.

2. Plaintiff is informed, believes and thereupon alleges that Defendant, AT&T Integrated Disability Service Center Disability Plan, is an employee welfare benefit plan, organized and existing under the laws of Delaware, with its principal office in Atlanta, Georgia, and doing business in the Southern District of West Virginia.

1

3. Plaintiff is informed, believes and thereupon alleges that Defendant, Sedgwick Claims Management Services, Inc. is a corporation existing under the laws of Illinois, with its principal office in Memphis, Tennessee, and doing business in the Southern District of West Virginia.

4. The true names and capacities of the Defendants sued herein as Does 1 through 5, inclusive, are unknown to the Plaintiff who therefore sues said Defendants by such fictitious names. Plaintiff is informed, believes and on that basis alleges that each of the Doe Defendants, as well as the named Defendants, is responsible in some manner for the events, happenings and damages alleged herein. Plaintiff will seek leave of court to amend this Complaint to allege the true names and capacities of the Doe Defendants when and if they are ascertained.

### Jurisdiction and Venue

5. Jurisdiction is conferred on this court by 29 U.S.C. § 1001 et seq. and 29 U.S.C. § 1132 (e) (1) (Federal Question). Venue is proper pursuant to 29 U.S.C. § 1132 (c) and 28 U.S.C. § 1391 (b) in that a substantial part of the errors or omissions giving rise to this claim and the Defendants' breach occurred within the jurisdiction of the United States District Court for the Southern District of West Virginia (Huntington Division).

6. AT&T Mobility adopted an employee benefit plan titled AT&T Integrated Disability Service Center Disability Plan. The Plan was at all material times a duly organized, existing and qualified plan. A copy of the Plan is attached hereto as *Exhibit A* and incorporated herein by reference.

7. The Plaintiff was a duly qualified participant in the Plan at all material times hereto.

8. All of the benefits due to the Plaintiff in accordance with the Plan were (and are) vested and non-forfeitable. Plaintiff has duly complied with all of the conditions necessary to receive such benefits.

9. The Plan provided for the payment of disability benefits in the event a Plan participant became disabled.

10. According to the terms of the Summary Plan Description, disability is defined in the following ways:

> **When You Are Considered Disabled**
> You are considered Disabled for purposes of Short-Term Disability Benefits if the Claims Administrator determines that you are Disabled. Disabled means that you are absent from Active Employment and unable to perform the duties of your Customary Job due to illness (including pregnancy) or injuries.

11. Plaintiff applied for Short-Term Disability ("STD") benefits in April of 2016 due to major depressive disorder.

12. His claim for STD benefits was denied by letter dated May 6, 2016 for the following reasons: "For your claim to qualify for benefits, AT&T IDSC would need clear medical evidence from your current treating provider(s) of why you are not able to perform the essential duties of your occupation. Your treating provider(s) would need to document your functional impairments as they relate to your diagnosis and provide a treatment plan that addresses plans for your return to work with or without reasonable restrictions with a reasonable duration."

13. Plaintiff treats his major depressive disorder with Cam Moore, MA, LSW at Prestera Center. In a letter dated April 12, 2016, in support of extending Plaintiff's medical leave and disability claim, Mr. Moore wrote, "It is typical that individuals being treated for these conditions participate in treatment for a minimum of 6 months up to 2 years." *Exhibit B*.

14. Via the undersigned counsel, Plaintiff appealed this denial of STD benefits by letter dated November 1, 2016. The denial of STD benefits should have been overturned because Plaintiff's treating providers opined that Plaintiff's symptoms necessitated his leave from work.

15. By letter dated January 31, 2017, Plaintiff was awarded additional STD benefits from April 19, 2016 through May 18, 2016. While Plaintiff was awarded this additional month of benefits, Plaintiff was denied benefits beyond May 19, 2016.

16. The following reasons were given for denying Plaintiff additional benefits beyond May19, 2016: "The Unit has reinstated benefits for the period April 29, 2016 through May 18, 2016. However, although some findings are referenced, none are documented to be so severe as to prevent your client from performing the duties of his customary job as a Customer Support Specialist, with or without reasonable accommodation from May 19, 2016.

17. Following this benefit denial, the undersigned provided additional information by letter dated March 17, 2017.

18. By letter dated March 21, 2017 from AT&T Integrated Disability Service Center, the undersigned was informed that "Please be advised that the determination by the AT&T Integrated Disability Service Center (IDSC) Quality Review unit on January 31, 2017 was final."

19. This denial letter dated January 31, 2017, exhausted all available administrative remedies for the Plaintiff's STD claim, and prevented or constructively prevented Plaintiff from filing a Long Term Disability ("LTD") claim.

20. The conclusions of the Defendants' review were, and are, contrary to the true condition of the Plaintiff, and the opinions of his treating physicians, *Exhibit C*.

21. Notwithstanding Defendants' review, the Plaintiff is disabled as defined by the Plan and due STD and LTD benefits which the Defendants refuse to pay. The Plaintiff brings this action seeking relief for the Defendants' violations of various sections of the Employee Retirement Income Security Act of 1974.

22. The Court has *de novo* authority to review the decision of the Plan.

## CAUSE OF ACTION

**(Violation of Section 502 (a)(1)(B) Against Defendants AT&T INTEGRATED DISABILITY SERVICE CENTER DISABILITY PLAN, Sedgwick Claims Management Services, Inc. and DOES 1 through 5, inclusive.)**

23. The Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 22, inclusive.

24. The Plaintiff is due rights and benefits under the terms of the Plan.

25. The Defendants denied the Plaintiff the rights and benefits due under the Plan.

26. The decision denying the Plaintiff the rights and benefits due under the Plan was arbitrary, illegal, capricious, unreasonable, discriminatory and not made in good faith. The decision is not supported by substantial evidence and arises from an erroneous application of the Plan and federal law.

27. As a direct and proximate result of the Defendants' actions, the Plaintiff has sustained damages and such damages will approximate the amount of STD and LTD benefits payable to the Plaintiff under the terms of the Plan.

28. As a further direct and proximate result of the Defendants' actions, the Plaintiff has incurred and will incur in the future, attorney's fees and costs in an amount to be proven.

**WHEREFORE**, the Plaintiff prays for judgment against Defendants as follows:

1. Ordering the Defendants to pay to the Plaintiff all STD and LTD benefits due under the Plan;

2. Declaring that all rights and benefits due to the Plaintiff are vested and non-forfeitable or, in the alternative, to award the Plaintiff a money judgment for all sums owed to the Plaintiff;

3. Awarding the Plaintiff prejudgment interest to the date of judgment;

4. Awarding the Plaintiff attorney's fees, court costs and all other reasonable costs incurred; and

5. Granting the Plaintiff such other and further legal and equitable relief as the Court may deem just and proper.

**DATED:** 25th day of January, 2018

UNDERWOOD LAW OFFICES

By: *J. Patrick L. Stephens*
J. Patrick L. Stephens, WVSB#10262
**Counsel for Plaintiff**
**Noel Jordan**
**923 Third Avenue**
**Huntington, WV 25701**
**Telephone: (304) 522-0508**
**Facsimile: (972) 292-7828**
**Email: pstephens@underwoodlawoffices.com**