# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF WEST VIRGINIA

# HUNTINGTON DIVISION

NOEL JORDAN, an individual,

                Plaintiff,

v.                                              CIVIL ACTION NO.  3:18-0094

AT&T INTEGRATED DISABILITY
SERVICE CENTER DISABILITY PLAN,
an employee Welfare Benefit Plan;
SEDGWICK CLAIMS MANAGEMENT
SERVICES INC., an Illinois Corporation; and
DOES 1 through 5, inclusive,

                Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff Noel Jordan's Motion to Enforce Settlement and Defendants' Motion to Strike Portions of Plaintiff's Supplemental Reply Brief. ECF Nos. 24, 35. For the following reasons, the Court **DENIES** both motions.

These motions arise from a settlement of an action to collect disability benefits under various sections of the Employee Retirement Income Security Act of 1974 (ERISA). According to Plaintiff, the parties engaged in arm's-length negotiations and agreed upon a lump-sum payment to Plaintiff. However, when Plaintiff received a draft of the settlement agreement, counsel noticed that one of the terms of the settlement provided that the lump-sum payment would be reduced by any applicable tax withholdings. Plaintiff's counsel asserts the parties never considered nor discussed a reduction in the lump-sum payment for tax withholdings. Unable to

resolve the issue, Plaintiff filed the current motion requesting the Court order payment of the entire lump sum without any deductions.

After reviewing the initial briefing, the Court directed the parties to submit supplemental briefing. Specifically, the Court asked the parties to address the impact 26 U.S.C. § 105(a) has on this case, together with any other statutes and case law applicable to the nature and type of disability payments sought by Plaintiff in the Complaint. As that briefing is now complete, the Court rules as follows.

In its Response and Supplemental Response to Plaintiff's motion, Defendants AT&T Integrated Disability Service Center Disability Plan[1] and Sedgwick Claims Management Services Inc. assert that the agreed upon settlement payment represents replacement wages for short and long-term disability benefits sought by Plaintiff in the Complaint. As such, Defendants argue they are legally required to treat the settlement payment as wages and deduct withholdings.[2] *See Hemelt v. U.S.*, 122 F.3d 204, 209 (4th Cir. 1997) (holding that an ERISA settlement based on allegations that the plaintiffs were discharged so the employer could avoid pension liability is a settlement "designed to approximate, recovery for lost wages and other economic harms" and, therefore, is taxable).

---

[1]Defendants state that AT&T is incorrectly identified as "AT&T Integrated Disability Service Center Disability Plan." The correct title is AT&T Umbrella Benefit Plan No. 3.

[2]As will be discussed later, Defendants agree with Plaintiff that attorney's fees should be carved out of the lump-sum payment and, thus, is not subject to withholdings.

In this case, Plaintiff claimed he was unable to work and brought this action seeking disability benefit payments. The Summary Plan Description (the Plan) provides, in relevant part, that a claimant may receive "ongoing income if [the claimant] become[s] Disabled due to an illness or injury and [is] unable to work." *Summ. Plan Description*, Ex. A, at 6, ECF No. 1-1. The Plan then states that short-term disability benefits are to be calculated as a percentage of the claimant's pay "based on [the claimant's] Term of Employment[.]" *Id.*[3] In light of this language and Plaintiff's underlying claim in his Complaint to collect these benefits, the Court finds the settlement clearly qualifies as replacement wages for tax purposes. In fact, Defendants maintain that, during the time period prior to this litigation that Plaintiff was approved for short-term disability benefits, taxes were withheld from the benefits he received. Moreover, although it appears the parties did not specifically discuss tax withholdings during their settlement negotiations, the Court finds it is of no consequence to Defendants' legal obligation to withhold those taxes. Defendants are required to make those withholdings despite any misunderstanding of the character of the settlement by Plaintiff. *See Hemelt*, 122 F.3d at 208 (stating "the possibility that the parties . . . misapprehended the limited nature of ERISA remedies does not alter [the Fourth Circuit's] characterization of the awards" as taxable); *Haile v. Combined Ins. Co.*, No. 1:99CV139, 2000 WL 1448596, at *1-2 (W.D. N.C. Apr. 11, 2000) (finding the defendant was obliged to withhold taxes from a backpay award under Title VII even though the settlement agreement was silent on the issue).

---

[3]Long-term disability benefits are calculated based upon "50% of [the claimant's] Pay when combined with certain other sources of income[.]" *Id.* at 7.

Additionally, the Court finds that 26 U.S.C. §§ 105, 3401, and 3402 of the Internal Revenue Code further support the Court's conclusion that Defendants must withhold taxes from the settlement in this case. Section 105(a) specifically provides:

> **Amounts attributable to employer contributions**.--Except as otherwise provided in this section, amounts received by an employee through accident or health insurance for personal injuries or sickness shall be included in gross income to the extent such amounts (1) are attributable to contributions by the employer which were not includible in the gross income of the employee, or (2) are paid by the employer.

26 U.S.C. § 105. Section 3401 broadly defines "wages" as "all remuneration . . . for services performed by an employee and his employer, including the cash value of all remuneration (including benefits) paid in any medium other than cash[.]" 26 U.S.C. § 3401, in part.[4] Section 3402(a)(1) then mandates that "every employer making payment of wages shall deduct and withhold upon such wages a tax determined in accordance with tables or computational procedures

---

[4] Although there are certain exceptions set forth in § 3401(a), the parties do not argue this case falls within any of those exceptions. Instead, Plaintiff argues this case falls under 26 U.S.C. § 104(a)(2), that he improperly identifies as § 105(a)(2). Specifically, Plaintiff asserts his case fits squarely within the language of that provision that provides "gross income does not include . . . (2) the amount of any damages (other than punitive damages) received (whether by suit or agreement and whether as lump sums or as periodic payments) *on account of* personal physical injuries or physical sickness[.]" 26 U.S.C. § 104(a)(2) (italics added), in part. However, Plaintiff did not file his Complaint "on account of" injuries or sickness; rather, he sought compensation "on account of" the denial of disability benefits, and he specifically requests he be awarded disability benefits in his Complaint. *Compl.* at 6, ECF No. 1. Thus, he does not fit within the parameters of § 104(a)(2). *See Braddock v. Comm'r of Internal Revenue,* No. 590-14S, 2016 WL 4464692, at *6-7 (T.C. Aug. 24, 2016) (finding a claim for long-term disability payments does not fall under § 104(a)(2)'s "on account of personal physical injuries or physical sickness" language); *Ktsanes v. Comm'r,* No. 21592-11S, 2014 WL 4337231, at *8 (T.C. Sept. 2, 2014) (finding the petitioner's complaint alleged disability because "of physical injuries or sickness," which "is insufficient to satisfy the 'on account of' relationship . . . for purposes of the exclusion under section 104(a)(2). Petitioner would not have filed his complaint if [the underlying defendant] had not denied his claim but instead paid him the long-term disability payments that he sought. In other words, petitioner sought compensation 'on account of' the denial of his long-term disability benefits, not for any physical injuries or physical sickness." (Citing *O'Gilvie v. U.S.*, 519 U.S. 79 (1996)).

prescribed by the Secretary." 26 U.S.C. § 3402(a), in part. In this case, Defendants submitted a Declaration by Jeremy Siegel, Associate Director of Benefits with AT&T Services, Inc. *Decl. of Jeremy Siegel*, at ¶2, ECF No. 33-1. In his Declaration, Mr. Siegel stated that "[n]o portion of the proposed STD benefit payment contemplated by the settlement agreement at issue was previously reported to the employee or the IRS as gross income to the employee" as required. *Id*. at ¶4.[5] In light of these statutory requirements and the fact the payment clearly represents replacement wages, the Court **FINDS** Defendants are required to withhold taxes.

Accordingly, for the foregoing reasons, the Court **DENIES** Plaintiff's Motion to Enforce Settlement and his request therein for the Court to direct Defendants to pay the full amount of the lump-sum payment without any withholdings. ECF No. 24. Although Plaintiff further complains that the lump-sum payment includes his attorney's fees and costs and those amounts should not be taxed, Defendants agreed in their initial Response brief that the "settlement payment should be treated as wages, except for the portion that can reasonably be attributed to attorney's fees[.]" *Resp. in Opp'n. to Pl.'s Mot. to Enforce Settlement*, at 3, ECF No. 28. Therefore, as the parties ultimately agree on that particular issue, the Court **DENIES** Defendants' Motion to Strike Portions of Plaintiff's Supplemental Reply Brief in which the matter is raised. ECF No. 35.

---

[5] Mr. Siegel also explained that benefits paid under the Plan come from a trust that "is funded through non-reversionary contributions made by participating companies." *Id.* at ¶3.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

      ENTER:  September 25, 2019

      _____
      ROBERT C. CHAMBERS
      UNITED STATES DISTRICT JUDGE